**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-60929-CIV-SMITH/VALLE

SHELLY MILGRAM,

    Plaintiff,

v.

CHASE BANK USA, N.A.,

    Defendant.
_____/

## **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

This matter comes before the Court upon Defendant Chase Bank USA, N.A.'s ("Chase") Motion to Dismiss the Complaint [DE 31]. Plaintiff's Complaint [DE 1] alleges three counts under the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* ("FCBA") (Count I), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") (Count II), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") (Count III). Chase contends that the Complaint is due to be dismissed with prejudice it in its entirety because (1) each count is barred by the applicable statute of limitations, (2) Count I fails to properly state a claim under the FCBA, (3) Count II improperly states a claim under Section 1681s-2(a) for which there is no private right of action, and (4) Count III is preempted by the FCRA to the extent the FCCPA claim is premised on credit reporting activity. The Court has carefully reviewed the Motion to Dismiss, Plaintiff's Response [DE 37], Chase's Reply [DE 44], the applicable law, and the record as a whole. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part.

## I. BACKGROUND

According to the allegations of the Complaint, Plaintiff Shelly Milgram, a resident of Broward County, Florida, was the victim of identity theft perpetrated upon her by a former employee. (Compl. ¶ 12) Unbeknownst to Plaintiff, the perpetrator stole her identity, took control of her Bank of America account and a Chase credit card, and fraudulently opened three credit cards in her name, including a new Chase credit card ending in 9603 (the "Chase Card"), which resulted in inaccuracies on her credit report. (*Id.* ¶ 17) Plaintiff became aware of the identity theft in April 2016, and reported it to the Broward County Sheriff's Office. (*Id.* ¶¶ 20-21) An investigation revealed the identity of the perpetrator - her office manager Jean Marie Williams - who was arrested on various charges of theft and fraud. On October 26, 2018, Williams entered into a plea agreement, pleading guilty to all charges. (*Id.* ¶ 25) Williams' sentence included an order to pay Plaintiff restitution, as well as an agreement that she would not object to the sentencing court signing orders to any banks or credit agencies/bureaus indicating that (1) Plaintiff was a victim of identity theft, (2) the accounts opened by Williams were done without Plaintiff's knowledge or consent, and (3) the court recommends that those accounts be removed from Plaintiff's credit history. (*Id.* ¶ 28)

After Plaintiff became aware of the identity theft, she contacted Chase and the other issuers of the fraudulent credit accounts. (*Id.* ¶¶ 20, 29) On June 9, 2016, Chase sent Plaintiff a letter, stating that it was "committed to protecting [Plaintiff] and her identity," that it had closed the Chase Card, and that she should contact the credit reporting agencies to place a fraud consumer statement. (*Id.* ¶ 35) However, on June 30, 2016, Chase sent Plaintiff a letter requesting payment on the Chase Card. (*Id.* ¶ 36) On December 11, 2018, the court that sentenced Williams issued an order requiring Chase to remove any negative charge offs and delinquencies from Plaintiff's

accounts. (*Id.* ¶ 37) Plaintiff emailed a copy of the order to Chase the next day. (*Id.* ¶ 38) On January 22, 2019, Chase sent a letter to Plaintiff stating that it found Plaintiff to be responsible for the Chase Card because it had received payments on the account. (*Id.* ¶ 39) On February 4, 2019, the state attorney prepared a letter to Chase explaining that Plaintiff was the victim of identify theft, that the Chase Card was fraudulently opened, and that the perpetrator had confessed to doing so without Plaintiff's knowledge. (*Id.* ¶ 40) To date, Chase continues to demand payment from Plaintiff on the Chase Card and report the balance on the Chase Card without noting that the balance is disputed. (*Id.* ¶ 41)

Plaintiff also disputed the reporting of the fraudulent credit cards on her credit report to the credit reporting agencies. (*Id.* ¶ 47) On August 25, 2016, Plaintiff disputed the reporting with Equifax, who placed an initial fraud alert on Plaintiff's credit file and forwarded the alert to Experian and Transunion. (*Id.* ¶¶ 48-50). On August 31, 2016, Equifax claimed to have resolved the dispute, but continued to report the fraudulent credit cards on Plaintiff's credit report. (*Id.* ¶ 51). Plaintiff sent additional disputes to the credit reporting agencies on September 8, 2016; September 15, 2016; September 21, 2016; March 8, 2017; August 17, 2017; August 25, 2017; September 19, 2018; and November 11, 2018; as well as court orders and a letter from the state attorney, as done with Chase. (*Id.* ¶¶ 52-58). The credit reporting agencies forwarded all of Plaintiff's disputes to Chase, as required by the FCRA. (*Id.* ¶ 59)

This lawsuit followed. Plaintiff filed her three-count Complaint in this Court on April 10, 2019, against Chase, Capital One Bank, Equifax, Experian, and Transunion, for violations of the FCBA, FCRA, and FCCPA. Since then, Defendants Capital One Bank, Equifax, Experian, and Transunion were either dismissed from the case or have settled their claims with Plaintiff, leaving Chase as the sole remaining Defendant.

3

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's consideration is limited to the allegations in the complaint. *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

## III. DISCUSSION

### A. FCBA (Count I)

Chase argues that Count I of the Complaint must be dismissed because (1) Plaintiff has failed to state a claim under the FCBA, and (2) to the extent she has, it is barred by the statute of limitations.

To state a claim under Section 1666 of the FCBA, a plaintiff must allege: (1) the existence of a billing error; (2) plaintiff's timely, written notification of the billing error; and (3) failure of the card issuer to comply with the procedural requirements of Section 1666. *Rigby v. FIA Card Servs., N.A.*, 490 F. App'x 230, 235 (11th Cir. 2012). A "billing error" consists of any of the following:

> (1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.

4

(2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.
(3) A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.
(4) The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.
(5) A computation error or similar error of an accounting nature of the creditor on a statement.
(6) Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.
(7) Any other error described in regulations of the Bureau.

15 U.S.C. § 1666(b)(1)-(7). Timely, written notice by the debtor must:

(1) set[] forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
(2) indicate[] the obligor's belief that the statement contains a billing error and the amount of such billing error, and
(3) set[] forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error.

15 U.S.C. 1666(a)(1)-(3). The FCBA has a one-year statute of limitations from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

Chase contends that Plaintiff has failed to plead the first two requirements for stating a claim under the FCBA: the existence of a billing error and the proper notification of such error. Chase claims that Plaintiff cannot plead the existence of a billing error because she has admitted that she never received a billing statement from Chase. But even if Plaintiff had, Chase argues that Plaintiff failed to provide proper written notice complying with the requirements of 15 U.S.C. § 1666(a).

Plaintiff responds that the January 22, 2019, letter constitutes a statement containing a billing error for purposes of the FCBA because it incorrectly stated that Plaintiff owed Chase a

5

bill. (Compl. ¶ 39) Plaintiff further argues that she timely disputed this billing error and that her written notices satisfied all requirements of the FCBA.

Whether the January 22, 2019, letter is the basis for Plaintiff's FCBA claim is unclear by the allegations as currently pled. Paragraph 39 of the Complaint states that "[o]n January 22, 2019, Chase sent a letter to [Plaintiff] stating that Chase had found [Plaintiff] to be responsible for the Chase Card because '[Chase] received payment(s) on this account.'" This sole allegation, without additional facts pled, does not demonstrate that the letter was a statement containing a billing error for purposes of the FCBA and is simply too vague to state a claim that can survive Rule 12(b)(6). Thus, Count I must be dismissed without prejudice, with leave for Plaintiff to amend this count (within the dictates of Federal Rule of Civil Procedure 11). If this allegation regarding the January 22, 2019, letter is indeed the basis for Plaintiff's FCBA claim, then Plaintiff must be prepared to plead in greater detail how the requirements of both Sections 1666(a) and (b) have been met; failure to do so may result in dismissal of Count I with prejudice.[1]

### B. FCRA (Count II)

Next, Chase argues that Plaintiff's FCRA claim must be dismissed because (1) the statute of limitations has run, and (2) there exists no private cause of action under Section 1681s-2(a) of the FCRA.

The FCRA requires commencement of a civil action "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. The parties agree that the two-year statute of limitations applies in this case. Because this

---

[1] As to whether Plaintiff's FCBA claim falls within the one-year statute of limitations, the Court is unable to assess this without further clarification as to what is the billing error (if any) that triggered the parties' obligations under Section 1666, and when did it occur.

action was initiated on April 10, 2019, Plaintiff's claim would be untimely if her "discovery" of the "violation that is basis for such liability" occurred before April 10, 2017. Plaintiff alleges that Chase is liable under Section 1681s-2(b) of the FCRA as a furnisher of information to credit reporting agencies by failing to conduct a reasonable investigation following receipt of multiple disputes. (Compl. ¶ 93)

Chase contends that Plaintiff's FCRA claim is barred by the two-year statute of limitations because it accrued when Plaintiff discovered that Chase had failed to complete a reasonable investigation of Plaintiff's disputes on a date no later than October 2, 2016. Chase calculates that Plaintiff's first dispute of Chase's credit reporting on August 25, 2016, gave Equifax five business days to notify Chase of the dispute, *see* 15 U.S.C. § 1681i, which in turn gave Chase 30 days from that date to conduct an investigation in compliance with the FCRA, *see* 15 U.S.C. § 1681s-2(b)(2). Accordingly, Chase argues that Plaintiff had until no later than October 2, 2018, to file suit against Chase under the FCRA, but instead untimely filed suit on April 10, 2019 after the statute of limitations had already expired.

Plaintiff asserts that her FCRA claim was brought within the two-year statute of limitations because Defendant has violated Section 1681s-2(b) of the FCRA multiple times, not just in October 2016. Plaintiff alleges that Defendant failed to conduct reasonable investigations following her direct disputes in December 2018, January and February 2019 (Compl. ¶¶ 37-41), and indirect disputes through the credit reporting agencies in September 2016, March 2017, August 2017, September 2018, and November 2018 (*id.* at ¶¶ 52-58). Plaintiff argues that each of these disputes were in response to separate violations of the FCRA because each publication of Plaintiff's credit report was inaccurate and ongoing, and Chase was required to investigate the new information provided by Plaintiff in each of her disputes.

7

In response, Chase maintains that Plaintiff can only premise her claim on her August 2016 dispute after she discovered that she was a victim of identity theft, and that any subsequent disputes cannot count as distinct FCRA violations for purposes of the statute of limitations. To do so, Chase argues, would allow a plaintiff to continuously file disputes regarding the same erroneous issue in order to perpetually restart the statute of limitations clock.

District courts are split on whether to follow Plaintiff's or Chase's position. *Compare Larson v. Ford Credit*, No. 06-CV-1811 JMR/FLN, 2007 WL 1875989 (D. Minn. June 28, 2007) (holding that each repeated failure to conduct a reasonable investigation in response to a dispute constitutes a distinct FCRA violation subject to its own statute of limitations; collecting cases); *Kellum v. Midland Credit Mgmt., Inc.*, No. CIV-12-718-C, 2012 WL 3594895, at *1–2 (W.D. Okla. Aug. 21, 2012) (same); *with Hancock v. Charter One Mortg.*, No. 07-15118, 2008 WL 2246042 (E.D. Mich. May 30, 2008) (holding that multiple disputes cannot continuously restart the statute of limitations clock); *Blackwell v. Capital One Bank*, No. 606CV066, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008) (same). But the majority of courts examining this issue appear to adopt Plaintiff's position. *See Thomas v. Wells Fargo Bank, N.A.*, No. 1:17-CV-3146-TWT-JSA, 2018 WL 3719589, at *7 (N.D. Ga. May 30, 2018) (collecting cases to demonstrate that "[t]he weight of the case law provides that each notification of a consumer's dispute from a consumer reporting agency to a furnisher creates its own duties and corresponding limitations period"), *report and recommendation adopted*, No. 1:17-CV-3146-TWT, 2018 WL 3708441 (N.D. Ga. Aug. 3, 2018). The *Thomas* court explained it as such:

> § 1681s-2(b) creates a new right of action each time the furnisher of information to consumer reporting agencies receives notice of a consumer's dispute from a consumer reporting agency ... [f]urnishers are thus required to investigate anew, even if they have previously investigated[, and i]t must follow that any new violation of this duty creates a new right of action, with its own limitations period.

8

> (. . . .)
>
> Defendant argues that Plaintiff's formulation would result in a "perpetual" statute of limitations, in which furnishers could never achieve finality with regard to their potential liability as to the reporting of an item of information. The Court disagrees. It remains that furnishers can only be sued for violations—and be liable for damages caused by violations—that occurred within two years prior to suit. If a furnisher on January 1, 2018, fails to properly resolve a consumer's claim of false information, then the furnisher will be definitively and forever safe from any suit based on that violation, by January 2, 2020. The furnisher will only face new exposure if, based on new disputes, it yet again fails to appropriately respond. And in that circumstance, any damages would be limited to what occurred within the new period. The Court therefore does not perceive how this circumstance effectuates a "perpetual" statute of limitations. Rather, it is Defendant's formulation that creates a perverse result. Furnishers would, essentially, be forever immunized for failing to address any new or ongoing disputes regarding a reported item, so long as two years have passed after the first time it failed to retract that item. Such a result is contrary to the statutory language and simply makes no sense.

*Id.* at 7-8.

In surveying the case law on the FCRA statute of limitations issue, considering the consumer protection purpose of the statute, and analyzing the plain language of Section 1681s-2(b), this Court is more persuaded by the logic of the *Thomas* court, and many others, that found that each failure to conduct a reasonable investigation in response to a dispute is a separate FCRA violation subject to its own statute of limitations. This is particularly so as applied to the specific allegations of Plaintiff's Complaint, which claim that each dispute contained new information provided by Plaintiff to the credit reporting agencies (and thereafter to Chase). For instance, on September 19, 2018, Plaintiff sent a dispute letter to Equifax and attached a letter by the State Attorney which stated that "[Plaintiff] is the victim of identity theft, that the perpetrator was being charged with stealing [Plaintiff's] identity, and that the perpetrator had opened the disputed accounts fraudulently using [Plaintiff's] identity." (Compl. ¶¶ 56-57) Later, on November 11, 2018, Plaintiff sent a dispute letter to Equifax, Experian, and Transunion, with a copy of the sentencing court's restitution order and judgment recommending that the credit reporting agencies

9

"remove any negative charge offs and negative delinquencies from [Plaintiff's] credit history/credit report." (*Id.* at ¶ 58) The Complaint alleges that each of these disputes were forwarded to Chase. (*Id.* at ¶ 59) Each of these disputes and subsequent failures to investigate creates a new and separate violation of the FCRA, and thus each one falls under the two-year statute of limitations. Chase's motion to dismiss is therefore denied on this ground as to any alleged violations occurring after April 10, 2017 – two years before the filing of the Complaint.

Chase also argues – and Plaintiff concedes – that to the extent Plaintiff's FCRA claim is premised on Section 1681s-2(a)'s required duty to provide accurate information, the claim cannot stand because there is no private right of action for any purported violation under this subsection. *See* 15 U.S.C. § 1681s-2(c); *Pieta v. USAA Group*, No. 3:13-CV-322/MCR/EMT, 2013 WL 3810891, at *3 (N.D. Fla. July 22, 2013) ("the FCRA provides that the provisions of § 1681s-2(a) shall be enforced exclusively by federal and state agencies and officials identified in the FCRA"); *Pelcher v. City of Miami*, No. 13-20539-CIV, 2013 WL 2107178, at *2 (S.D. Fla. May 8, 2013) ("Subsection 1681s-2(a) is of no benefit to [plaintiff], for the duties it imposes are only enforceable by a government agency or official; no private right of action is available to an aggrieved party."). The Court agrees. Accordingly, any claims premised on this subsection of the FCRA must be dismissed with prejudice.

### C. FCCPA (Count III)

Finally, Chase argues that Plaintiff's claims brought under the FCCPA should be dismissed because (1) to the extent they are premised on credit reporting activity, they are preempted by the FCRA; and (2) to the extent they are based on debt collection attempts, they are time-barred under the statute of limitations.

Regarding preemption, Chase points to the text of 15 U.S.C. § 1681t(b), which provides that no state law may regulate furnishers' credit reporting responsibilities, and cites to cases in this district finding that the FCCPA is preempted by the FCRA to the extent the claim is premised on credit reporting activity. *See, e.g., Davide v. Specialized Loan Servicing, LLC*, No. 18-22351-CIV, 2019 WL 1470095, at *3 (S.D. Fla. Apr. 2, 2019) ("Where a plaintiff's state law claims are based on the same conduct as the FCRA claims, the state law claims are preempted by the FCRA."); *Frye v. Capital One Auto Finance*, 1:15-CV-20530, 2015 WL 3540445, at *2 (S.D. Fla. June 3, 2015) (holding that plaintiff's FCCPA claim was preempted to the extent that it was based on defendant's furnishing of information to credit reporting agencies).

Plaintiff recognizes that her FCCPA allegations based on the furnishing of credit information may be preempted by the FCRA, but argues that her allegations based upon unfair debt collection practices *not* related to furnishing are not preempted by the FCRA, and thus should not be dismissed. In response, Chase claims that it has not moved to dismiss the portion of Plaintiff's FCCPA claim not based on credit reporting, only that which is preempted by federal statute.

"[T]he FCRA's preemption provision preempt[s] claims based on furnishing of information to reporting agencies...." *Frye v. Capital One Auto Fin.*, No. 1:15-CV-20530, 2015 WL 3540445, at *1 (S.D. Fla. June 3, 2015) (internal quotations omitted). However, "[c]ourts within the Eleventh Circuit have also highlighted the limited nature of the preemption provision. It does not, for example, preempt unfair debt collection practices claims based on debt collection that is separate from credit reporting." *Id.*

The parties appear to be in agreement that the FCRA preempts Plaintiff's FCCPA claim only to the extent it is based on furnishing of information to credit reporting agencies. The Court

agrees as well. Accordingly, Chase's motion to dismiss Count III is granted as to Plaintiff's FCCPA claims based on credit reporting activity, and denied as to claims based on unfair debt collection practices.

As to timeliness, "[a]n action brought under [the FCCPA] must be commenced within two (2) years after the date the alleged violation occurred." Fla. Stat. § 559.77(4). Chase argues that the "violation" occurred on July 29, 2016, when Chase allegedly failed to investigate Plaintiff's dispute, resulting in the statute of limitations running out on July 29, 2018. Plaintiff argues that she has alleged that Chase committed multiple violations of the FCCPA, the latest occurring on January 22, 2019 when Chase attempted to collect on the Chase account by sending a letter stating that Plaintiff was responsible for paying off the balance of the account. (Compl. ¶ 39) Chase disputes that the January 22 letter was a collection attempt because the Complaint is devoid of any additional allegations that Chase sought payment in the letter.

The Court agrees with Chase. As noted above in the Court's analysis of the FCBA claim, Paragraph 39 of the Complaint states only that "[o]n January 22, 2019, Chase sent a letter to [Plaintiff] stating that Chase had found [Plaintiff] to be responsible for the Chase Card because '[Chase] received payment(s) on this account.'" This allegation by itself does not demonstrate that Chase sought payment from Plaintiff in the January letter. Without additional allegations to support Plaintiff's characterization of the January letter as a demand for monies, her claim under the FCCPA cannot be premised on this purported violation. Accordingly, the motion to dismiss Count III is granted as to any violations of the FCCPA that occurred before April 10, 2017 – two years before the Complaint was filed. The Court however will afford Plaintiff the opportunity to amend Count III (again, within the dictates of Rule 11).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Chase Bank USA, N.A.'s Motion to Dismiss the Complaint [DE 31] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Count I is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. Count II is **DISMISSED WITH PREJUDICE** as to any claims brought under Section 1681s-2(a) of the FCRA. The Motion to Dismiss is **DENIED** as to claims brought under Section 1681s-2(b).

3. Count III is **DISMISSED WITH PREJUDICE** to the extent Plaintiff's FCCPA claims are premised on credit reporting activity and thus are preempted by the FCRA. The remaining claims in Count III are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

4. Plaintiff may file an amended complaint by no later than February 7, 2020.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 25th day of January, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE