UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60929-SMITH/VALLE

SHELLY MILGRAM

    Plaintiff,

v.

CHASE BANK USA, N.A., *et al*,

    Defendants.

_____/

**ORDER DENYING MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES**

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant Chase Bank USA's Amended Affirmative Defenses (ECF No. 89) (the "Motion to Strike"). U.S. District Judge Rodney Smith has referred the Motion to the undersigned for appropriate disposition. *See* (ECF No. 47). Accordingly, having reviewed the Motion, Defendant's Response (ECF No. 99), and being otherwise duly advised in the matter, the Motion is **DENIED** for the reasons stated below.[1]

**I.    PROCEDURAL BACKGROUND**[2]

On April 10, 2019, Plaintiff filed a three-count Complaint against Defendants Chase Bank USA, N.A. ("Chase") and others, alleging violations of the Fair Credit Billing Act ("FCBA") (Count I), Fair Credit Reporting Act ("FCRA") (Count II), and Florida's Consumer Collection

---

[1] Motions to strike pleadings are non-dispositive motions that may be ruled upon by a magistrate judge by Order unless they have dispositive effect. Because the Order does not strike Defendant's affirmative defenses, it has no dispositive effect. *See Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007); *see also Triolo v. United States*, No. 3:18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019); Fed. R. Civ. P. 72(a).

[2] The factual background is summarized in the District Court's Order on Chase's Motion to Dismiss and is incorporated by reference. *See* (ECF No. 69 at 2-3).

Practices Act ("FCCPA") (Count III). (ECF No. 1). Chase is the only remaining Defendant. On June 5, 2019, Chase filed a Motion to Dismiss the Complaint, which the District Judge granted in part. *See* (ECF Nos. 31, 69). More specifically, the District Judge granted the motion to dismiss as to Counts I and III, but denied the motion to dismiss on Count II in part "as to any alleged violations [under Section 1681s-2(b) of the FCRA] occurring after April 10, 2017—two years before the filing of the Complaint." (ECF No. 69 at 10, 13). The Court explained that although some of the FCRA allegations in Count II were barred by the two-year statute of limitation, allegations arising after April 2017 survived because "[e]ach . . . dispute[] and subsequent failure[] to investigate creates a new and separate violation of the FCRA." *Id*. at 10.

On March 11, 2020, Chase filed its Amended Answer and Affirmative Defenses, asserting 15 affirmative defenses. *See generally* (ECF No 81). The instant Motion to Strike followed. (ECF No. 89). In the Motion to Strike, Plaintiff asks the Court to strike Chase's Fourth (waiver), Fifth (laches), and Fifteenth (statute of limitations) affirmative defenses, each of which is set forth below:

Fourth Affirmative Defense: "The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may have in relation to the matters alleged in the Complaint." (ECF No. 81 ¶ 112) ("Waiver").

Fifth Affirmative Defense: "Plaintiff has unreasonably delayed taking action in connection with the alleged claims asserted in the Complaint, causing substantial prejudice to Chase, and such claims therefore are barred pursuant to the doctrine of laches." *Id.* at ¶ 113 ("Laches").

Fifteenth Affirmative Defense: "The Complaint, and its purported causes of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations." *Id*. at ¶ 123

("SOL").

As to the Fourth and Fifth Affirmative Defenses (waiver and laches), Plaintiff argues that they are not affirmative defenses and, in any event, fail to meet the heightened pleading standard set forth for equitable defenses in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  (ECF No. 89 at 3-5).  As to the Fifteenth Affirmative Defense (SOL), Plaintiff argues that this defense should be stricken because "the Court has already denied [Chase's] motion to dismiss based on the statute of limitations."[3]  (ECF No. 89 at 6).

## II.   LEGAL STANDARD

### A.  Rule 12(f) and Affirmative Defenses

An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).  Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and gives the courts broad discretion in making this determination.  Fed. R. Civ. P. 12(f); *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019); *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (citations omitted); *U.S. Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016) (citations omitted); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005).  Nonetheless, despite the court's

---

[3] Relatedly, Plaintiff also argues that Chase's assertion of the waiver and SOL defenses "is prejudicial to Plaintiff" in that Chase makes "no specific factual or legal allegations as to their claim."  (ECF No. 89 at 4, 6).  However, other than this general conclusory statement, Plaintiff has not provided any evidence tending to show resulting prejudice from either of these asserted defenses.

3

broad discretion, granting a motion to strike is considered a drastic remedy and is disfavored. *Dionisio,* 391 F. Supp. 3d at 1191; *Kapow*, 2017 WL 5159601, at *2 (citations omitted); *Hilson v. D'more Help, Inc.*, No. 15-CIV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (citing *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011)).

Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Hilson*, 2015 WL 5308713, at *1 (quoting *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010)); *see also Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same). Nonetheless, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1191-92 (citation and quotations omitted); *Kapow*, 2017 WL 5159601, at *4 ("Although Rules 8(b) and (c) do not require the heightened pleading standard set out in Rule 8(a), an affirmative defense must be stricken when the defense is comprised of no more than bare-bones conclusory allegations.") (citations and quotation omitted); *Mintco*, 2016 WL 3944101, at *2 (noting that affirmative defenses will be stricken if insufficient as a matter of law) (citations omitted); *see also* Fed. R. Civ. P. 12(f). An affirmative defense is insufficient as a matter of law where: "(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1192; *Kapow*, 2017 WL 5159601, at *3 (citations and quotations omitted).

### B. Pleading Standard for Affirmative Defenses

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. *Dionisio,*

391 F. Supp. 3d at 1192 (citing to *Ramnarine v. CP RE Holdco, 2009-1, LLC*, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013)).  Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Twombly* and *Iqbal*.  *See Dionisio*, 391 F. Supp. 3d at 1192 (discussing split of opinion and collecting cases adopting heightened pleading standard).  Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests."  *Id.* (holding that affirmative defenses are not subject to the heightened pleading standard of *Twombly* and *Iqbal*); *Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (citing *Ramnarine,* 2013 WL 1788503, at *3 (discussing the difference between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses) and collecting cases); *Kapow*, 2017 WL 5159601, at *2; *Mintco*, 2016 WL 3944101, at *3; *Hilson*, 2015 WL 5308713, at *2.

The undersigned is persuaded by the reasoning in the cases holding that affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*.  In addition, the District Judge presiding over this case has previously found that affirmative defenses are not subject to the heightened pleading standard for claims under Rule 8(a).  *Mt. Hawley Ins. Co., v. Boca Bayou Condominium Ass'n., Inc.*, No. 18-81656, 2019 WL 7387288, ECF No. 82 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted*, No. 18-81656, 2020 WL 1441921, ECF No. 93 (S.D. Fla. Mar. 25, 2020).

### III.   DISCUSSION

**A.  Fourth and Fifth Affirmative Defenses:  Waiver and Laches**

Plaintiff argues that the waiver and laches defenses should be stricken because Chase failed to plead the necessary elements to establish each defense.  *See* (ECF No. 89 at 3, 5).  Plaintiff also argues that she is prejudiced by the lack of "specific factual or legal allegations" in the defenses, which falls short of meeting the heightened pleading requirements of *Twombly* and *Iqbal*.  *Id.*  Having found that affirmative defenses are not subject to the same heightened pleading standard as for claims under Rule 8(a), the undersigned finds that each of these defenses provides fair notice of the nature of the defense and the grounds upon which it rests.  Accordingly, the undersigned considers only whether the defenses set forth the necessary elements for each.

*1.  Waiver*

The elements of waiver are: "(1) the existence at the time of the waiver of a right, privilege, advantage, or benefit [that] may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right."  *Dantzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344, 1367 (S.D. Fla. 2013); *Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1330 (S.D. Fla. 2010).  Although Chase did not repeat these elements verbatim, the undersigned finds that the defense as pled provides sufficient notice to Plaintiff of the basis for the defense.  The defense alleges that the "Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may have in relation to the matters alleged in the Complaint." (ECF No. 81 ¶ 112).

As pled, the waiver defense is stated in short and plain terms, and refers Plaintiff to the allegations in the Complaint.  The Complaint, in turn, alleges the following: (i) the existence of a

right, privilege, advantage or benefit that may be waived (ECF No. 1 ¶¶ 29, 33, 35-45, 61-63, 87, 92-95); (ii) Plaintiff's actual or constructive knowledge of that right (based on her submission of credit reporting disputes) (*Id.* ¶¶ 47-63); and (iii) her possible waiver of that right, based on allegations that the perpetrator stole Plaintiff's identity and used the Chase card (and other bank cards and accounts) for several years (since 2013), but Plaintiff did not discover the fraud until April 2016 and did not file suit until April 2019 (*Id.* ¶¶ 12, 18, 20-21, 29, 35-45, 61-63). Thus, Plaintiff's motion to strike this defense is denied.

    2.    *Laches*

The elements of laches are: "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000). Here, the Fifth Affirmative defense sets forth the elements of laches, as follows: (i) Plaintiff delayed in asserting the claim; (ii) the delay was "unreasonable;" and (iii) the delay prejudiced Chase. That is all that is required. Accordingly, the defense contains the necessary elements and will not be stricken on this ground.[4]

---

[4] Additionally, citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), Plaintiff argues that "laches is not an affirmative defense to causes of action that have a [controlling] statute of limitations," such as the two-year statute of limitation for FCRA claims in 15 U.S.C. § 1681p. (ECF No. 89 at 5). Based on this reading of *Petrella*, Plaintiff argues that the defense of laches "fails as a matter of law." *Id.* Plaintiff's reliance on *Petrella*, however, is misplaced. *Petrella* stands for a much narrower proposition than Plaintiff espouses. Rather, the *Petrella* court found that laches could not be invoked where the claim being challenged was *within* the applicable statute of limitation. *Petrella,* 572 U.S. at 667. In contrast, Chase asserts that Plaintiff's FCRA claim falls *beyond* the FCRA's two-year statute of limitations. *See* (ECF No. 99 at 9 n.1). Thus, *Petrella* is inapposite.

### B.     Fifteenth Affirmative Defense:  Statute of Limitations

As its Fifteenth Affirmative Defense, Chase pleads the statute of limitations. (ECF No. 81 ¶ 123).    Without statutory authority to support its argument, Plaintiff argues that this defense should be stricken because the District Judge found that part of Plaintiff's FCRA claim could  proceed and was not time-barred, *see* (ECF No. 69 at 9-10) (granting and denying in part Chase's Motion to Dismiss).  (ECF No. 89 at 6).  In response, Chase asserts that, despite the Court's prior ruling, it must preserve this affirmative defense for: (i) a possible future appeal of the District Judge's ruling (ECF No. 99 at 7); and (ii) possible use at "a later procedural event—i.e., in its forthcoming summary judgment motion and/or trial—with the benefit of full discovery, and with the ability to present evidence (and not merely Plaintiff's allegations) to the Court in support of its argument that [Plaintiff's] subsequent disputes should not be deemed to have restarted the statute of limitations." *Id.* at 8.

In the absence of controlling authority to support Plaintiff's conclusory argument, Plaintiff's motion to strike this defense should be denied.  Moreover, the purpose of a motion to strike affirmative defenses is not to adjudicate the merits of the defenses, but to strike any defenses that are legally insufficient.  *Schmidt v. Wells Fargo Bank, N.A.,* No. 8:20-CV-150-T-33AAS, 2020 WL 1703801, at *3 (M.D. Fla. April 8, 2020).  Here, Chase's statute of limitation defense is neither patently frivolous nor clearly invalid as a matter of law.  Moreover, the undersigned need not analyze whether Chase's SOL defense should fail on the merits.  Thus, Plaintiff's motion to strike the statute of limitations defense is denied.

### IV.     CONCLUSION

For reasons set forth above, it is hereby **ORDERED AND ADJUGED** that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 89) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 6, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
　　All Counsel of Record