UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-60929-CIV-CANNON/Hunt

**SHELLY MILGRAM**, aka Shelly Jaspan,

    Plaintiff,
v.

**JPMORGAN CHASE BANK, N.A.**,

    Defendant.
_____/

**JPMORGAN CHASE BANK, N.A.**,

    Counter-Plaintiff,
v.

**SHELLY MILGRAM**,

    Counter-Defendant.
_____/

**JPMORGAN CHASE BANK, N.A.**,

    Third-Party Plaintiff,
v.

**DEC THE WALLS INTERIORS, CO.**,
a/k/a **YOLO INTERIORS**,

    Third-Party Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Reconsideration [ECF No. 264]. The decision to grant or deny a motion for reconsideration is committed to the Court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir. 2000). Here, Plaintiff requests that the Court reconsider its February 17, 2022 Order Granting Defendant's

CASE NO. 19-60929-CIV-CANNON/Hunt

Motion for Leave to File Bill of Costs [ECF No. 261], arguing that Defendant did not show good cause or excusable neglect for its failure to file its Bill of Costs by the deadline set forth by Local Rule 7.3(c).

Pursuant to Federal Rule 6(b)(1), the Court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party's delay constitutes excusable neglect, the Court considers (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Upon review of all relevant factors, the Court reaffirms its previous finding that Defendant's failure to timely file its Bill of Costs constituted "excusable neglect" for purposes of Rule 6(b)(1). Defendant committed an inadvertent calendaring error in scheduling the filing deadline for the Bill of Costs, and Defendant's counsel filed an affidavit attesting to the immediate steps taken to rectify the error [260-1]. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [ECF No. 264] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 7th day of March 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record