UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-60929-CIV-CANNON/HUNT

SHELLY MILGRAM, aka Shelly Jaspan,
Plaintiff,
v.
CHASE BANK USA, N.A., et al.,
Defendants.
_____/
JPMORGAN CHASE BANK, N.A.
Counter-Plaintiff,
v.
SHELLY MILGRAM,
Counter-Defendant.
_____/
JPMORGAN CHASE BANK, N.A.
Third-Party Plaintiff,
v.
DEC THE WALLS INTERIORS, CO.
a/k/a YOLO INTERIORS,
Third-Party Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant Chase Bank's Motion to Tax Costs ("Motion"), ECF No. 262. The Honorable Aileen M. Cannon referred the Motion to the undersigned for a Report and Recommendation. See ECF No. 263; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Bill of Costs, the Response and Reply thereto, the undersigned respectfully RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 262, be GRANTED as set forth below.

## BACKGROUND

Shelly Milgram ("Plaintiff") brought this action against JPMorgan Chase Bank N.A. ("Defendant") for alleged violations of its duties as a "furnisher" under the Fair Credit Reporting Act ("FCRA"). See ECF No. 1; 15 U.S.C. § 1681s-2(b)(1). Defendant filed a

counterclaim alleging negligence.  ECF No. 81.  The Parties filed Cross-Motions for Summary Judgment.  ECF Nos. 135, 136.  On December 30, 2021, the District Court entered summary judgment in favor of Defendant.  ECF No. 252.  The District Court entered final judgment in favor of Defendant on January 23, 2022. ECF No. 253.

Defendant now moves this Court for an award of taxable costs pursuant to 28 U.S.C. §1920 for costs incurred in litigating this dispute.  ECF Nos. 262, 267.  Plaintiff filed a response in opposition and Defendant filed a reply in support of his Motion.  ECF Nos. 266, 267.

## DISCUSSION

Prior to entertaining the merits of Defendant's request, the undersigned will address Plaintiff's procedural objections.  The undersigned notes that while ECF No. 262 is listed as a Motion for Bill of Costs on the docket, the actual document is solely a Bill of Costs, not a motion.  *See* ECF No. 262.  Plaintiff points out that this entry is procedurally improper.  Defendant responds that it was not its intention to file the Bill of Costs as a Motion.  Rather, Defendant alleges that it filed the Bill of Costs so that the Clerk would receive a copy.

Plaintiff's next procedural objection is that Defendant did not confer with Plaintiff pursuant to Local Rule 7.3 prior to filing the Bill of Costs.  Defendant responds that it did confer with Plaintiff prior to submitting the Motion for Leave to File Bill of Costs and that Plaintiff objected.

Plaintiff's final procedural objection is that Defendant did not submit a memorandum with its Bill of Costs.  Defendant's reply attaches a proposed memorandum to remedy this objection.

The undersigned finds that ECF No. 262 is solely a Bill of Costs and makes no request for the Court to take judicial action.  The undersigned notes that the District Court's Order, ECF No. 261, ordered Defendant to file a Motion to Tax Costs and attach the Bill of Costs as Exhibit A, which Defendant failed to do.  The proper actions would have been for Defendant: to comply with the District Court's Order and attach the Bill of Costs as an exhibit to a proper motion; to withdraw the alleged motion; or to notify either Chambers or the Clerk of Court that this docket entry was not a motion.  However, to save judicial resources and avoid unnecessary filing and any extension of this dispute, the undersigned will construe Defendant's Reply, ECF No. 267, as the Motion to Tax Costs and its proposed memorandum as support for the Motion.  Next, the undersigned finds that the Parties did confer on February 16, 2022, prior to the filing of the Motion for Leave to File the Bill of Costs, ECF No. 260.

1. <u>Costs</u>

Defendant seeks to recover $4,952.12 in litigation costs, which result from fees for printed or electronically recorded transcripts necessarily obtained for use in the case. ECF No. 267-1.

    A.    Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees.  Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).  "A prevailing party analysis requires a determination of whether a court-ordered

material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).

Here, the District Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor of Defendant. Therefore, the undersigned finds that Defendant is the prevailing party and entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

B. Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1. Fees for Printed or Electronically Recorded Transcripts

Defendant seeks an award of taxable costs for fees related to printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $4,952.12. Plaintiff argues that the depositions of two individuals were not used by Defendant at any point during the proceedings in this action. Plaintiff further asserts that the deposition topics were not related to the claim that Defendant prevailed on. Thus, Plaintiff argues that these depositions should be deducted from the total award and

Defendant should be entitled to a maximum of $4,043.32 in taxable costs if any are allowed. Defendant contends that all the depositions taken in this action were relied upon in Defendant's Motion for Summary Judgment, and that the two depositions at issue were of witnesses Plaintiff identified and were obtained for use in its defense to Plaintiff's claims.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621). "Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

Here, the undersigned finds that Plaintiff has not met her burden of showing that the deposition costs were not either necessary for use in the case or that the deposition was not related to an issue present in the case. Plaintiff argues that these two depositions related only to a counterclaim, which was ultimately dismissed. But the District Court dismissed Defendant's counterclaim in the Court's Order Granting Summary Judgment. As a result, Plaintiff's argument that the deposition was not related to an issue present is incorrect. Defendant's counterclaim was still at issue at the time the depositions were taken. Further, Defendant contends that the depositions of the two individuals at issue were also taken to prepare its defense against Plaintiff's claims. Thus, the undersigned

finds that Plaintiff has not met her burden and that Defendant is entitled to tax costs associated with printed or electronically recorded deposition transcripts pursuant to §1920(2). Therefore, the undersigned recommends that Defendant be entitled to recover $4,952.12 in taxable costs.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Tax Costs, ECF Nos. 262, 267, be GRANTED. Defendant should recover taxable costs of $4,952.12.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 8th day of June 2022.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Aileen M. Cannon

All Counsel of Record